UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM McMICHAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-cv-2119 (RMC) |
| ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF DEFENSE, ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS, OR IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States Department of Defense, United States Strategic Command ("USSTRATCOM"), through the United States Attorney for the District of Columbia, hereby replies to Plaintiff's Opposition to Defendant's Motion to Dismiss, or In the Alternative, Motion for Summary Judgment. In his Opposition, Plaintiff argues that the Court should deny Defendant's motion because: 1) the alleged target of the investigation that is the subject of Plaintiff's FOIA request is a high-ranking official; thus, this person has a diminished expectation of privacy regarding the release of the contents of a report of investigation allegedly prepared by USSTRATCOM's Office of Inspector General's ("IG") regarding the alleged target; 2) the public's interest in knowing about the alleged IG investigation, and the activities of the alleged target of such an investigation, outweighs any privacy interests possessed by the alleged target; 3) Defendant's "Glomar" responses were inappropriate in this case because information regarding any alleged investigation that is the subject of Plaintiff's FOIA request was officially

acknowledged by USSTRATCOM and widespread within the organization; 4) Defendant has released reports of investigations regarding acts of misconduct by lower-level employees pursuant to FOIA; thus, Defendant's "Glomar" response was unwarranted in this case; 5) FOIA Exemption (b)(6) is inapplicable in this case because the public's interest in the release of the requested information, if it exists, outweighs the alleged target's privacy interests due to his status as a high-ranking official; and 6) the use of the "Glomar" response in order to protect privacy interests thwarts the intent of FOIA, which is to make information more accessible to the public. *See* Plaintiff's Opposition at 7-18. Based on the arguments set forth in this reply, each of Plaintiff's arguments should be rejected, and Defendant's motion should be granted.

I. **Plaintiff Has Failed To Demonstrate That Defendant's "Glomar" Response Was Improper In This Case Pursuant to Exemptions (b)(6) and (b)(7)(C) of FOIA**

   A. The Holder of a J4 Position Is Not A High-Ranking Official Who Has A Diminished Expectation of Privacy Pursuant to Exemptions (b)(6) and (b)(7)(C) of FOIA

Pursuant to Plaintiff's FOIA requests, Plaintiff sought to obtain information regarding an alleged IG investigation of a person who once held the position of J4 at USSTRATCOM, who allegedly created an abusive command climate among that person's subordinates. *See* ECF Entry No. 1; *see also* Plaintiff's Exhibits F through N. In his Opposition, Plaintiff is alleging that an alleged target of that investigation has a diminished expectation of privacy, because that person is currently a high ranking official – a Commanding Officer of the U.S. Naval Supply Systems Command's Fleet Logistics Center – and, also, that this person was a high-ranking official when he held the position of J4 with USSTRATCOM at the time of the alleged IG investigation. *See* Plaintiff's Opposition at 8-9. Plaintiff supports these arguments by comparing the position of a J4 to the positions of other "senior officials" or "high-ranking officers" in the cases of *Providence Journal Company v. U.S. Department of Army*, 981 F.2d 552 (1st Cir. 1992)

and *Dobronski v. Federal Communications Commission*, 17 F.3d 275 (9th Cir. 1994).  Likewise, Plaintiff relies upon the Declaration of William McMichael, the former reporter of the Navy Times who submitted the FOIA requests at issue in this case.  *See* Plaintiff's Exhibit A (Declaration of William McMichael).  Therefore, Plaintiff argues, because the alleged target has held these high-ranking positions, that person has a diminished expectation of privacy that is outweighed by the public's interest in the disclosure of the report of the alleged IG investigation. *Id*.

      The Court should summarily reject Plaintiff's argument that one who holds a J4 position is a high-ranking official within USSTRATCOM.  Pursuant to the Declaration of Lieutenant Commander James Kirby ("LCDR Kirby"), of USSTRATCOM, one who holds the J4 position is not a high-ranking official.  *See* Attachment Four (Declaration of Lieutenant Commander James Kirby) at 3.   Specifically, such a position involves the oversight of a small directorate of approximately 49 people within a large command of over 5,500 uniformed, civilian, and contractor personnel.  *Id*. at 4.  The role of those who are subordinate to the J4 is to provide supplies, maintenance and repair services, and coordinate the evacuation, transportation, and construction to be done at USSTRATCOM and its other components.  *Id*.   Also, the J4 position is not considered to be a part of "command leadership," because that person is not a "Commander or Deputy Commander," which are regarded as high-level positions within USSTRATCOM.  *Id*.  Rather, the J4 position, which is four tiers below the USSTRATCOM Commander's position, is regarded as a middle management position within the organization. *Id*.  Therefore, the record shows that the J4 position is not high-ranking position within

USSTRATCOM's organizational structure.[1]  Accordingly, if the alleged target of the IG's investigation that is the subject of Plaintiff's FOIA request and held the position of J4 at USSTRATCOM at the time of any alleged investigation, USSTRATCOM's decision to protect the privacy interest of such a person was proper because that person was not a high-ranking official within the organization.  *See Kimberlin v. Department of Justice,* 139 F.3d 944, 949 (D.C. Cir. 1998) (in view of the purpose of the FOIA, it will ordinarily be enough for the court to consider, when balancing the public interest in disclosure against the private interest in exemption, the rank of the public official involved and the seriousness of the misconduct alleged); *see also Lurie v. Department of Army*, 970 F.Supp. 19, 37 (D.D.C. 1997) (the higher the rank, and the more prominent the position of the official accused of wrongdoing, the greater the public interest) (citing *Providence Journal v. Department of Army*, 981 F.2d 552, 568 (1st Cir. 1992)).  Plaintiff has not established how the J4 position is a high-ranking position within USSTRATCOM; thus, he has not demonstrated why the holder of such a position has a diminished expectation of privacy.  Accordingly, Plaintiff's arguments in favor of invalidating Defendant's "Glomar" responses and compelling the disclosure of any investigative report,

---

[1]  The Court may accept LCDR Kirby's Declaration to establish that the J4 position at USSTRATCOM is not a position of prominence, and it is not regarded as a high-ranking position within that organization.  In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *See Citizens for Responsibility and Ethics in Washington, v. U.S. Dept. of Justice*, 2012 WL 69248 * 5 (D.D.C. 2012) ("CREW") (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981)). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *See CREW*, 2012 WL 692048 *5 (internal quotations omitted).

should it exist, should be summarily rejected, and Defendant's motion should be summarily granted.[2]

Assuming that the Court finds that the alleged target of the IG investigation held a high-ranking position in USSTRATCOM while serving as a J4, Plaintiff's argument that the public's significant interest in having information regarding what, if any, specific allegations of misconduct were raised and the findings by the IG's Office during the alleged investigation warrants disclosure should be rejected. The public interest "must be defined with sufficient specificity to enable a court to determine the nature of the public interest that it is required to balance against the privacy interests Exemption 7(C) was intended to protect." *See Coleman v. Lappin*, 680 F.Supp.2d 192, 199-200 (D.D.C. 2010) (quoting *Dunkelberger v. Department of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990). A FOIA requester does not prevail in his efforts to obtain information about which an agency claims Exemption 7(C) protection merely by identifying a public interest. Rather, the public interest in disclosure must be *so compelling* that, on balance, it outweighs the individuals' legitimate privacy interests. *See Coleman*, 680 FSupp.2d at 781 (emphasis added). Plaintiff submits an unsigned complaint that contains allegations of misconduct, in which the alleged target, if investigated, was accused mainly of acts of unprofessional conduct. *See* Plaintiff's Exhibit C. Assuming that there was an IG investigation into the allegations contained in that document, Plaintiff has failed to show how the nature of those allegations of misconduct create a significant public interest into the disclosure of

---

[2] Contrary to Plaintiff's argument, the J4 position is not akin to the positions held by investigatory targets in *Providence Journal* (two RING officers who were considered high-ranking agency officials due to their substantial supervisory authority,) and *Dobronski* (Assistant Bureau Chief of the Federal Communications Commission's Private Radio Bureau – a position considered by the court to be of relative influence). *See* Attachment Four at 4.

any alleged IG investigative report, if one was prepared, that relates to the allegations of misconduct contained in Plaintiff's Exhibit C. *See Kimberlin*, 139 F.3d at 949 (when balancing the public interest in disclosure against the private interest in exemption, the rank of the public official involved *and the seriousness of the misconduct alleged*) (emphasis added). Accordingly, Plaintiff's arguments in favor of disclosure pursuant to the public's interests should be denied.[3]

> B. An Alleged Target's Current Position As a Commanding Officer Should Not Support Plaintiff's Argument For The Release of An Alleged IG Investigatory Report

Likewise, the Court should reject Plaintiff's argument that an alleged target's current position as a Commanding Officer of the U.S. Navy's Supply Fleet Logistics Center should serve as the basis for finding that such a person is a high-ranking official for purposes of defeating Defendant's "Glomar" responses to his FOIA requests. *See* Plaintiff's Opposition at 9-11. Plaintiff argues that the public has an interest in having the report of an alleged IG investigation into misconduct be disclosed, because it will enable the public to monitor the IG's investigation of into the allegations of misconduct, if they occurred, and into the activities of the alleged target, who is currently a Commanding Officer. *Id*. Although Defendant does not contest Plaintiff's assertion that a Commanding Officer's position is a high-ranking position within USSTRATCOM, Plaintiff's argument in favor of the disclosure of the report of an IG investigation, if it exists, should still fail because Plaintiff has not established why the release of

---

[3] Plaintiff also alleges that since the alleged target of the investigation that is the subject of his FOIA request is a high-ranking public official who has diminished privacy expectations due this status under Exemption (b)(7)(C) of FOIA, Defendant is unable to avoid disclosure of these documents pursuant to Exemption (b)(6), due to the higher standard of proof that Defendant has to meet under this exemption. *See* Plaintiff's Opposition at 16-18. Because the record shows that the holder of a J4 position is not that of a high-ranking official within USSTRATCOM, and because the holder of this position is considered to be a member of middle management who is responsible for a small portion of USSTRATCOM's employees, such a person would not have a diminished expectation of privacy, and would be entitled to the protections afforded by Defendant's Glomar response pursuant to Exemption (b)(6) of FOIA.

such a report would fulfill a significant public interest if the acts of prior misconduct are unrelated to the alleged target's current position. *See Citizens for Responsibility and Ethics in Washington*, 2012 WL 692048 *7 (D.D.C. 2010) (to prevail on the argument that information being sought pursuant to FOIA should be disclosed pursuant to the public's interest, one must show that the public interest sought to be advanced is a *significant* one, and that the "interest is more specific than having the information for its own sake.") (quoting *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 172, 2004)) (emphasis added).

      Here, Plaintiff cannot show that the public has a significant interest in learning the details of an alleged investigation of *past* misconduct that does not relate to how a Commanding Officer is *currently* executing his duties. A relationship between the alleged misconduct and how it relates to execution of an individual's current position must exist in order to show that the public has an interest the disclosure of such information. *See Lurie*, 970 F.Supp. at 37 (acknowledging a strong public interest in the disclosure of information *related to the performance of public officials acting in their official capacities*) (citing *Carter v. U.S. Department of Commerce*, 830 F.2d 388, 390, n.8 (D.C. Cir. 1987)) (emphasis added). Rather than fulfilling a significant public interest, the release of such information would simply embarrass an alleged target of such an investigation by disclosing the details of an alleged law enforcement investigation involving the presence of unflattering allegations. Since Plaintiff is unable to show the existence of a significant public interest in the release of information being sought pursuant to his FOIA requests, Plaintiff's argument in favor of compelling Defendant to release this information, if it exists, should be summarily rejected. Accordingly, Defendant's motion should be granted.

    C. The Release of Investigative Information By The Department of Navy On Prior Occasions Does Not Invalidate USSTRATCOM's Assertion of a "Glomar" Response <u>In This Case</u>

In support of his argument that Defendant's "Glomar" responses were improper, Plaintiff cites to two cases in which the Department of Navy released information relating to allegations of misconduct that were committed by Navy commanders. *See* Plaintiff's Opposition at 11-12; *see also* Plaintiff's Exhibits A, O, and P. Plaintiff argues that since these investigations involved similar allegations of misconduct – an abusive command environment – and since the subjects of those investigations held the rank of commander, which, Plaintiff argues, is a rank that is lower than that of a Captain – the rank of the alleged target of the investigation that is the subject of Plaintiff's FOIA request – Defendant's "Glomar" responses to Plaintiff's FOIA requests in this case is unjustified. *See* Plaintiff's Opposition at 12. Plaintiff's argument should be summarily rejected because it is belied by the record.

Pursuant to LCDR Kirby's Declaration, the subjects of the two investigations who were cited in Plaintiff's Opposition were Commanding Officers; thus, they were in positions of senior command leadership at the time they were being investigated. *See* Attachment Four at 3. Commanding Officers are regarded as high-ranking officials because they "the senior leader of a command." *Id*. Because both officers were in senior command leadership positions, the deciding officials who reviewed the requests for information regarding these investigations likely determined that these Commanding Officers had a diminished expectation of privacy due to their position within the Department of Navy, and that the public's interest in the release of the requested information outweighed their privacy interests. *Id*. In this case, USSTRATCOM's "Glomar" response to Plaintiff's FOIA request is distinguishable from those cases because, as was argued above, the alleged target of the alleged IG investigation in this case, who was

allegedly a J4 at the time of the alleged IG investigation, was not considered to be a high-ranking official pursuant to USSTRATCOM's organizational structure. *See*, *infra*, Section IA; *see also* Attachment Four at 3. Therefore, Plaintiff has failed, again, to demonstrate that Defendant's "Glomar" responses to his FOIA requests were improper. Accordingly, his arguments should be summarily rejected, and Defendant's motion should be summarily granted.

> D. Defendant Has Not Officially Acknowledged the Existence of the IG Investigation That Is The Subject of Plaintiff's FOIA Request; Thus, Its "Glomar" Responses To Plaintiff's FOIA Requests Should Be Upheld

Plaintiff argues that Defendant's "Glomar" responses to his FOIA requests cannot stand because knowledge of an alleged IG investigation into the allegations of misconduct by an alleged target became "widespread" within USSTRATCOM, and that the existence of such an investigation was officially acknowledged by the organization. *See* Plaintiff's Motion at 9. To support this argument, Plaintiff relies on his statements in his Declaration; an email to Plaintiff from an unnamed source on March 30, 2011, in which the source generally discusses the closure of an IG's investigation; and an email to Plaintiff from an unnamed source that discusses a "J4 All-Hands Call," where an alleged IG's investigation was discussed by an alleged investigatory target with J4 employees. *See* Plaintiff's Exhibits A, D, and E. Thus, Plaintiff argues that since the existence of an IG's investigation was widely known and officially acknowledged, Defendant's "Glomar" responses were undermined and are inapplicable here. Plaintiff's argument on this issue should be summarily rejected because it is belied by the record, and contrary to the legal standards set forth on this issue.

Plaintiff fails to offer any evidence in the record to show that knowledge of any alleged investigation involving an abusive command climate was officially acknowledged by USSTRATCOM. For an agency to officially acknowledge the existence of information in this

9

context, it must meet the following three criteria: "1) the information requested must be as specific as the information previously released; 2) the information requested must match the information previously disclosed; and 3) the information requested must already have been *made public through an official <u>and</u> documented disclosure. See Moore v. CIA,* 666 F.3d 1330, 1333-34 (D.C. Cir. 2011); *see also Valfells v. CIA*, 717 F.Supp.2d 110, 117 (D.D.C. 2010); *Fitzgibbon v. CIA*, 911 F.3d 755, 765 (D.C. Cir. 1990). Plaintiff "bears the burden of pointing to the exact information that is both requested and already in the *public domain* due to a disclosure by the same agency." *See Valfells,* 717 F.Supp.2d at 117 *(emphasis added); see also Fitzgibbon,* 911 F.3d at 765 *(citing Afshar v. U.S. Dep't of State,* 702 F.2d 1125, 1130 (D.C.Cir.1983)). Here, it appears that Plaintiff is arguing that the information regarding an alleged IG investigation, which is the subject of his FOIA requests, was publicly discussed at the J4 All-Hands Call. *See* Plaintiff's Opposition at 9; *see also* Plaintiff's Exhibit E.

Assuming that Plaintiff is able to meet the first two criteria for showing an "official acknowledgment" through the use of Plaintiff's Exhibit E, Plaintiff has failed to demonstrate that the exhibit itself constitutes an "official acknowledgment" by USSTRATCOM of the existence of a report of investigation that relates to an alleged target, and that was allegedly prepared by the IG's office. For FOIA purposes, when asserting claim of official acknowledgment, Plaintiff cannot merely point to the information that is contained in this email – a statement by an unnamed source showing that the alleged investigation was discussed by an alleged target during a J4 "all-hands call." Rather, there must be *official acknowledgement by an authoritative source*. *See Pfeifer v. CIA*, 721 F.Supp 337, 342 (D.D.C. 1989); *see also Afshar v. Department of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983). Only "official disclosures"— "direct acknowledgements by an authoritative government source" —about information being sought in a FOIA case can

prevent an agency from invoking an otherwise proper exemption pursuant to FOIA.  *See Wilson v. McConnel,* 501 F.Supp.2d 545, 558-59 (SDNY 2007) (quoting *Schlesinger v. CIA*, 591 F.Supp. 60, 66 (D.D.C. 1984)).  A disclosure by a former employee of an agency is not an official acknowledgment, regardless of the position that was previously held by the employee.  *Id.*; *see also Hudson River Sloop Clearwater, Inc. v. Department of Navy¸* 891 F.2d 414, 421 (2nd Cir. 1989) (former Nay Admiral's testimony before Congress was not an "official disclosure" pursuant to FOIA);  *Afshar*, 702 F.2d at 1133 (statements in books by former CIA agents were not official disclosures); *Military Audit Project v. Casey*, 656 F.2d 724, 742-43 (D.C. Cir. 1981) (former CIA Director's statements in his book was not an official disclosure, even if his statements were corroborated with other unofficial public disclosures).  Moreover, a leak by an anonymous employee does not constitute an "official acknowledgment." *See Memphis Pub. Co. v. FBI*, 2012 WL 269900 * 9 (D.D.C. 2012); *see also Afshar*, 702 F.2d at 1130.  Here, the information that is contained in Plaintiff's Exhibit E shows, at best, that the unnamed author of the email may have worked, in some capacity, for USSTRATCOM at the time of this J4 "all-hands call."  *See* Plaintiff's Exhibit E.  However, it does not provide any indication that the author of the email is in a position to be an authoritative source on of information on behalf of USSTRATCOM.  *See Pfeifer*, 721 F.Supp. at 342.  Since Plaintiff is unable to demonstrate that the contents of Plaintiff's Exhibit E are, in fact, an official acknowledgment by USSTRATCOM that an alleged IG investigation regarding an alleged target took place, Plaintiff has failed to meet the elements of the "official acknowledgment" doctrine.  *See Valfells, supra*, 717 F.Supp.2d at 117.  Hence, his argument in this regard should be rejected.

     Furthermore, Plaintiff has not established that a discussion about the alleged investigation at the "J4 All-Hands Call" is the type of public disclosure that compels Defendant to release the

requested information pursuant to FOIA. *See Wolf v. CIA*, 473 F.3d 370, 378 (D.C. 2007) ("a plaintiff asserting a claim of prior disclosure must bear the initial burden of pointing to specific information *in the public domain* that appears to duplicate that being withheld.") (quoting *Afshar,* 702 F.2d at 1130). In the District Court's and Court of Appeals' decisions in, among other cases, *Valfells*, *Afshar*, and *Wolf*, the facts show disclosures of information by an agency in a public forum. *See e.g., Valfels*, 717 F.Supp.2d at 117 (the FBI's release of a document that was previously withheld by the CIA pursuant to a "Glomar" response to a plaintiff's FOIA request); *Afshar*, 702 F.2d at 1130 (statements in books by former CIA agents, which were published and available to the public for review); *Wolf*, 473 F.3d at 378-79 (Congressional testimony by a CIA Director). Here, the record shows that a J4 "All-Hands Meeting," is akin to a staff meeting within that particular unit, which is closed to the public and others within USSTRATCOM. *See* Attachment Four at 4. The contents of that meeting are generally not recorded and shared with other units within USSTRATCOM and with the public. *Id*. Thus, even if this Court credits information provided by the unnamed source who authored the email that is provided as Plaintiff's Exhibit E, Plaintiff's attempt argue that the Defendant officially acknowledged the existence of the alleged IG investigation at the J4 "all-hands call" should still fail because Plaintiff has failed to establish that the information he is seeking pursuant to his FOIA request, has been made public. Accordingly, his arguments in favor of the Court's invalidation of the Defendant's "Glomar" response on this basis should be summarily rejected, and Defendant's motion should be summarily granted.[4]

---

[4] Plaintiff fails to offer any evidence in the record to show that knowledge of any alleged investigation involving an abusive command climate within the J4 Unit was "widespread." *See* Plaintiff's Opposition at 9. To support this argument, Plaintiff proffers Plaintiff's Exhibit D – an email in which the unnamed author discusses, generally, the "fear that permeates our organization." *See* Plaintiff's Exhibit D (an email from an unnamed source to Plaintiff on

    E.  The Assertion of the "Glomar" Response In Order To Protect Privacy Interests Is An <u>Accepted Practice That Should Not Be Abandoned</u>

Plaintiff argues in his Opposition that Defendant's "Glomar" responses to his FOIA requests to prevent disclosure of a report of investigation is improper because that was not the original purpose of a "Glomar" response pursuant to FOIA. *See* Plaintiff's Opposition at 14-15. Plaintiff argues that the use of the "Glomar" response, which was originally intended to protect national security interests during the Cold War, to withhold investigative reports, memoranda, and other government records that are requested pursuant to a FOIA request, would leave the public "in the dark about their very existence," which is contrary to the goal of FOIA. *Id*. at 15. Also, Plaintiff argues that adjudicating "Glomar" responses imposes a "significant and disruptive cost on our judicial system and on society." *Id*. Thus, Plaintiff argues, the assertion of a "Glomar" pursuant to the facts of this case is improper, and Defendant's motion should be denied. *Id*. at 16.

By making these arguments, Defendant is asking this Court abandon an accepted use of the "Glomar" response, which is, among other things, to protect the privacy interests of those whose identities would be revealed as part of a law enforcement investigation. A "Glomar"

---

March 30, 2011). In that exhibit, the author does not identify which organization he or she is describing in this exhibit. Rather, the fact that the unnamed author of the email is discussing the general loss of faith "in the system," that resulted from the close of an IG investigation with "no apparent action," and that "some are starting to see the light at the end of the tunnel," shows, at best, that the author is describing the morale within the J4 Unit, and not throughout USSTRATCOM. *Id*. The record shows that the J4 Unit consists of approximately 49 people, while USSTRATCOM consists of approximately 5,500 military and civilian employees. *See* Attachment Four at 4. Thus, comparatively speaking, knowledge of an investigation within the J4 Unit is not "widespread."

response is appropriate when "to answer the FOIA inquiry would cause harm cognizable under a FOIA exception – in other words, in cases in which the existence or non-existence of a record is a fact exempt from disclosure under a FOIA exception." *See International Counsel Bureau* v. U.S.C.I.A., 774 F.Supp.2d 242, 266 (D.D.C. 2011); *see also Wolf,* 473 F.3d at 374.   Therefore, courts have upheld the assertion of "Glomar" responses in a variety of contexts.  A "Glomar" response is frequently invoked pursuant to Exemptions (b)(6) and (b)(7)(C) of FOIA in order to protect the privacy interests of the subjects of law enforcement investigations and third-party individuals.  *Smith v. F.B.I.*, 663 F.Supp.2d 1, 4 (D.D.C. 2009) ("Glomar response" to request for letters of reprimand for, or suspension of, FBI agent was proper); *see also Barbosa v. Drug Enforcement Administration*, 541 F.Supp.2d 108, 110-11 (D.D.C. 2008) (noting agency explanation "that DEA employs "Glomar" responses to protect the privacy interests of third-party individuals pursuant to FOIA exemptions 6 and 7(C) and to prevent the drawing of adverse inferences from its responses to requests for confidential informant records."); *Jefferson v. Department of Justice, Office of Professional Responsibility*, 284 F.3d 172, 180 (D.C. Cir. 2002) (assertion of "Glomar" response to request of records from the Office of Professional Responsibility in order to protect an AUSA's privacy was proper).  Therefore, contrary to Plaintiff's arguments, the use of the "Glomar" response, as asserted in this case, is not contrary to the existing body of case law, here and in other jurisdictions, in which courts have upheld its use to protect privacy interests.   Accordingly, the Court should reject Plaintiff's public policy arguments against the assertion of "Glomar" for these purposes.

## **CONCLUSION**

Based on the foregoing reasons, Defendant's motion should be granted.

           Respectfully submitted,

           RONALD C. MACHEN JR.
           UNITED STATES ATTORNEY
           D.C. Bar No. 447889

           DANIEL F. VAN HORN
           ACTING CHIEF, CIVIL DIVISION
           D.C. Bar No.  924092


By: _____/s/_____
    TRICIA D. FRANCIS
    Assistant United States Attorney
    Civil Division
    D.C. Bar No.  457800
    U.S. Attorney's Office, District of Columbia
    555 Fourth Street, N.W.,
    Washington, D.C. 20530
    (202) 616-2257
    Tricia.D.Francis@usdoj.gov